UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-0117 DSF (JTLx) | Date | 04/30/08 |
|---|---|---|---|
| Title | Stearns v. Ticketmaster Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order GRANTING Defendants' Motion To Dismiss Amended Complaint and/or Stay Action, and in the Alternative, To Dismiss or Strike CLRA Damages Claim and DENYING Plaintiff's Motion for Class Certification as Moot (Docket Nos. 29 and 33)

    Before the Court is Defendants' Motion To Dismiss Amended Complaint and/or Stay Action, and in the Alternative, To Dismiss or Strike CLRA Damages Claim and Plaintiff's Motion for Class Certification.  The Court deems these matters appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.[1]

### I.  LEGAL STANDARD

    A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

    "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement

---

[1] The Court discharges the Second Order To Show Cause Re Dismissal for Lack of Subject Matter Jurisdiction.  The Court has subject matter jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. __, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and citation omitted; alteration in original). But the Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombley, 551 U.S. __, 127 S. Ct. 1955, 1965 (2007).

The plaintiff bears the burden of pleading sufficient facts to state a claim. Courts will not supply essential elements of a claim that are not initially pled. Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 127 S. Ct. at 2200. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted). Dismissal is proper if a complaint is vague, conclusory, general, or fails to set forth any material facts in support of the allegation. See N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

## II.  DISCUSSION

### A.  Defendants' Motion To Dismiss Plaintiff's CLRA Damages Claim

Defendants argue that Plaintiff's request for California Consumers Legal Remedies Act ("CLRA") damages must be dismissed for failure to provide pre-litigation notice. The Court agrees.

The CLRA provides that "[t]hirty days or more <u>prior to the commencement of an action for damages</u> pursuant to this title, the consumer shall . . . [n]otify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770." Cal. Civ. Code § 1782(a) (emphasis added).

> The purpose of the notice requirement . . . is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements. . . . The clear intent of the act is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

    may be accomplished. This clear purpose may only be accomplished by
    a literal application of the notice provisions.
Outboard Marine Corp. v. Super. Ct., 52 Cal. App. 3d 30, 40-41 (1975) (internal footnote omitted).

    Relying on a literal application of the statute, several courts have concluded that failure to give the required thirty days notice is grounds for dismissal with prejudice. In Von Grabe v. Sprint PCS, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003), the court dismissed a CLRA claim with prejudice because the plaintiff's notice "was not timely, was not delivered in the proper fashion, and made no mention of § 1770 or any specific violations thereof." The court found that the plaintiff's post-complaint letter and his attempts to amend the complaint were "all part of the post-complaint litigation process, [and did] not satisfy the requirements of § 1782." Id.

    Similarly, in Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005) (emphasis added), the court found that strict compliance was "required to accomplish the [CLRA's] goals of expeditious remediation before litigation," and accordingly dismissed the named plaintiffs' CLRA claim with prejudice. In Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007), the court advised that "[p]ermitting [p]laintiff to seek damages first and then later, in the midst of a lawsuit, give notice and amend would destroy the notice requirement's utility, and undermine the possibility of early settlement."

    Although a plaintiff can rely on the pre-litigation notice given by a fellow class member on behalf of a class, that notice must precede the filing of plaintiff's action for CLRA damages by at least thirty days. See Sanchez v. Wal-Mart Stores, Inc., No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *3 (E.D. Cal. May 8, 2007).

    Plaintiff argues that he may properly rely on the pre-litigation notices that were sent to Defendants by certain plaintiffs in Mancini, et al. v. Ticketmaster, et al., CV 07-1459 DSF (JTLx) ("Mancini Action"), allegedly on behalf of the putative class. (Opp'n 6:16-17; Decl. of Lee A Weiss in Further Supp. of Pl.'s Opp'n to Defs.' Mot. To Dismiss Am. Compl. and/or Stay Action, and in the Alternative, To Dismiss or Strike CLRA Damages Claim ("Weiss Decl.") Exs. A-J.) However, none of the pre-litigation notices identified in the Weiss Declaration may be relied on because they do not state that notice was being sent on behalf of a putative class. See Sanchez, 2007 WL 1345706, at *3 (permitting reliance on a pre-litigation notice given by a fellow class member only where the pre-litigation notice "provid[ed] defendants statutory written notice, as required by the CLRA,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

on behalf of himself and a class of similarly situated consumers.")[2]

Accordingly, Defendants' motion to dismiss Plaintiff's CLRA damages claim is GRANTED with prejudice.

### B. Defendants' Motion To Dismiss Plaintiff's Remaining Claims

Defendants request that the Court dismiss Plaintiff's remaining claims (Compl. ¶¶ 36-55, 57-74), as they are duplicative of the claims asserted in the Mancini Action. "After weighing the equities of [a] case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. Cal. Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Id. at 689 (internal quotation marks omitted).

Plaintiff asserts that the claims are not the same because the named plaintiffs in the Mancini Action cannot pursue a CLRA damages claim on behalf of a putative class. However, as this Court is dismissing Mr. Stearns' CLRA damages claim with prejudice, Mr. Stearns cannot pursue a CLRA damages claim on behalf of himself or a class either. Aside from the addition of an improper CLRA damages claim, the only difference between the claims in the two actions is the inclusion of an additional claim in the Mancini Action for violations of the Electronic Funds Transfer Act. (See Pl.'s Mem. of P. & A. in Supp. of Mot. for Class Certification 1:15-19.) All of Stearns' claims are otherwise "identical" to those raised in the Mancini Action. (Id.)

The Ninth Circuit applies a transaction test in determining whether causes of action are identical. See Adams, 487 F.3d at 689-91. Here, Plaintiff's remaining claims arise out of the same transactional nucleus of fact as those in the Mancini Action and, pending class certification, the rights established by a judgment in the Mancini Action would be impaired by a judgment in this action. Moreover, substantially the same evidence was and would be presented in both actions and the two suits involve the infringement of the same right. Applying the transaction test, Plaintiff's remaining causes of action would be deemed identical to those

---

[2] In the Mancini Action, the Court declined to "express an opinion as to whether any of [the Mancini] Plaintiffs' CLRA notices provide valid notice on behalf of a proposed class in accordance with Cal. Civ. Code § 1782(a)." (Oct. 31, 2007 Order GRANTING in Part and DEN. in Part Defs.' Mot. To Dismiss and To Strike Portions of Pls.' Am. Compl. 2 n.3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

pending in the Mancini Action. Plaintiff therefore cannot avoid dismissal on the grounds that claims in the two actions are not the same.

Plaintiff also asserts that the parties are not the same because no class has been certified in the Mancini Action and he is not in privity with the named plaintiffs in that Action. However, in a class action, the classes, and not the class representatives, are compared. See Weinstein v. Metlife, Inc., No. C 06-04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006). Moreover, Stearns' interest in resolving the remaining claims on a classwide basis are identical to those of the named plaintiffs in the Mancini Action, and the named plaintiffs may be adequate class representatives.[3]

The rule against duplicative litigation is applicable to class actions. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979). This is especially appropriate where, as here, the class definitions are identical. (Compare Pl.'s Notice of Mot. for Class Certification 1:10-16 with Pls. Notice of Errata for Notice of Motion for Class Certification 1:7-12.) Even though the Mancini Action has not yet been certified, the Court will not permit counsel[4] to burden the Court with multiple pending class actions on behalf of the same proposed class, against the same Defendants, and asserting legally identical claims for relief. Plaintiff therefore cannot avoid dismissal on the grounds that the parties in the two actions are different.

Plaintiff does not contend that the available relief is different between the two actions, and, in any event, it is not. Accordingly, having weighed the equities in this case, Defendants' Motion To Dismiss Plaintiff's remaining causes of action is GRANTED without prejudice.

### C. Plaintiff's Motion for Class Certification Is Denied as Moot

Plaintiff filed a Motion for Class Certification seeking to appoint Mr. Stearns as the class representative for a putative class's alleged CLRA damages claim. As Plaintiff's CLRA damages claim is being dismissed with prejudice, this request is DENIED as moot.

---

[3] The Court expresses no opinion regarding whether the named plaintiffs in the Mancini Action are adequate class representatives. However, to the extent that the named plaintiffs are inadequate representatives, the appropriate solution is for counsel in the Mancini Action to move the Court for the appointment of new class representatives, not to file a duplicative class action lawsuit.

[4] Counsel for Plaintiff is also counsel in the Mancini Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Plaintiff also sought to certify a class identical to the one in the pending motion for class certification in the Mancini Action (compare Pl.'s Notice of Mot. for Class Certification 1:10-16 with Pls. Notice of Errata for Notice of Motion for Class Certification 1:7-12) and to appoint Plaintiff as a class representative for all claims.  As the Court is dismissing all of Plaintiff's remaining class claims as duplicative, this request is also DENIED as moot.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion To Dismiss Amended Complaint and/or Stay Action, and in the Alternative, To Dismiss or Strike CLRA Damages Claim.[5]  The Court dismisses Plaintiff's CLRA damages claim with prejudice, and Plaintiff's remaining claims without prejudice. Plaintiff's Motion for Class Certification is DENIED as moot.

IT IS SO ORDERED.

---

[5] Nothing in this order is intended to prejudice the rights of any other plaintiff, including but not limited to the named plaintiffs in the Mancini Action, from pursuing any claims against Defendants on behalf of a putative class.  This order addresses Plaintiff Stearns' claims only.